■ Putnam Leasing Company, Inc., Appellant, v ATL, Inc., et al., Respondents. [892 NYS2d 321]—

Contrary to the court's conclusion, the parties' lease and "open-end purchase option rider" clearly provided that in the event of a breach by the defendant lessee or the lessee's failure to exercise its right under the purchase option rider (both of which occurred here), plaintiff lessor would be entitled to recover the amounts specified in paragraphs 2 and 5 of the rider. Paragraph 8 further provided that to the extent there was any inconsistency between the lease and rider, the latter would "supersede" the former in resolving the conflict.

Since the relevant lease and rider provisions were complete, clear and unambiguous on their face, they must be enforced according to their plain meaning (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). In essence, the parties agreed that the postlease residual value of the vehicle, combined with a reasonable profit to be earned by the lessor upon a postlease sale, was $100,000. This liquidated damage figure was based on agreement that the vehicle was a customized Bentley with personally selected accessories; that plaintiff generally was not in the business of selling used vehicles at retail; and that in light of anticipated difficulty in determining the general market

or trade-in value at lease termination, plaintiff would dispose of it at wholesale should defendant decline to exercise its option to purchase under the rider.

The contractual damages fixed by the lease and rider were reasonable in proportion to the probable loss, inasmuch as actual anticipated loss was difficult to estimate at the time of contracting (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420 [1977]; *see also JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373 [2005]). However, we now have a record that includes the actual sale price of the used vehicle ($76,000), as well as accumulated fees and charges ($3,042.75), delinquencies ($11,266) and lessee payments ($5,500) since the termination of the lease. When these figures—uncontested on this appeal—are factored in, it becomes clear that the deficiency balance was understated by $18,500 in the principal damage award. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.